WILLIAM A. ROSCOE and NORMA J. ROSCOE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roscoe v. Commissioner
Docket No. 2058-83.
United States Tax Court
T.C. Memo 1984-484; 1984 Tax Ct. Memo LEXIS 197; 48 T.C.M. (CCH) 1078; T.C.M. (RIA) 84484; September 10, 1984. William A. Roscoe and Norma J. Roscoe, pro se. Vallie v. Brooks, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. XXIII (1983). *199 Respondent determined deficiencies in petitioners' Federal income taxes for their 1979 and 1980 taxable years in the amounts of $304 and $99, respectively. After concessions, the issue remaining for decision is whether withholding and FICA taxes paid by petitioners' employers must be included in petitioners' gross income. Petitioners are husband and wife residing in Erwin, Tennessee at the time they filed their petition in this case. They filed joint Federal income tax returns for the calendar years 1979 and 1980. Petitioners reported income from wages on line 8 of their 1979 and 1980 joint Federal income tax returns in the amounts of $7,000 and $14,300, respectively. Petitioners' Form W-2 Wage and Tax Statements for the years 1979 and 1980 reported the following information: Taxpayer
Employer
Year
Box 9
Box 10
Box 11
William A. Roscoe
MM Meason, Inc.
1979
$1,004.80
$7,000.00
$858.20
William A. Roscoe
MM Meason, Inc.
1980 * 90.00 * 3,000.00 * 183.93
Norma J. Roscoe
Bill Roscoe
1980 * 240.00 * 11,000.00 * None
Norma J. Roscoe
Roscoe Publishing
Co.
1980 * 15.00 * 300.00 * 18.78
Box 9 of Form W-2 is *200 entitled "Federal income tax withheld." Box 9 of the 1979 Form W-2 issued to William A. Roscoe was altered to read "Federal tax paid." Box 10 of Form W-2 is entitled "Wages, tips, other compensation." Box 11 of Form W-2 is entitled "FICA tax withheld." Box 11 of the 1979 Form W-2 was altered to read "FICA tax paid." Boxes 9 through 11 of petitioners' 1980 Forms W-2 contain asterisks and the notation, "(*) All employee's Employment Tax liability has been added to the wage." Petitioners owned a controlling interest in M.M. Meason, Inc. and Roscoe Publishing Co.
Petitioners claimed a credit against tax for the amount included in Box 9, Form W-2, for each of the years 1979 and 1980. Petitioners did not include in gross income any portion of the FICA contributions or withholding taxes paid by petitioners' employers and reported on petitioner's W-2 forms in boxes 9 and 11. Respondent determined that the amount reported in box 9 and one-half of the amount reported in box 11, for withholding taxes and FICA contributions, respectively, of petitioner William A. Roscoe's 1979 Form W-2, and all of the amounts reported in box 9 and box 11 for withholding taxes and FICA contributions, respectively, *201 of petitioners' 1980 Forms W-2, are includable in petitioners' gross income as compensation for services. Section 61 defines gross income as "* * * all income from whatever source derived * * *." More particularly, section 61(a)(1) includes within the definition of gross income, "Compensation for services, including fees, commissions and similar items." It is well established that the discharge of an obligation by a third party in exchange for services constitutes income to the debtor. . Petitioners do not seriously challenge the foregoing legal principles. However, they contend that the withholding tax is a tax upon employers separate and distinct from petitioners' income tax liability. They further maintain that neither withholding taxes nor FICA contributions are assessable against petitioners. Therefore, they conclude that the taxes are the employers' liabilities and their payment by the employers cannot create income to petitioners. In reaching this result, petitioners rely upon the following language in : The question *202 in this case is, "Did the payment by the employer of the income taxes assessable against the employee constitute additional taxable income to such employee." The answer must be "Yes." The withholding tax imposed by section 3402 and the FICA tax imposed by section 3101 are clearly taxes upon the wages of the petitioners as employees. This is demonstrated by the fact that section 3402(a) and section 3102(a) require the taxes to be deducted from the wages being received. Thus, the burden of the taxes is placed upon the petitioners as employees and they are primarily liable for payment. Although the primary liability for the taxes is upon petitioners, their employers are responsible for collecting the taxes and remitting them to respondent. Sections 3102(a) and 3402(a). In the event that the employers fail to discharge their responsibilities in this regard they are held liable for such taxes. Section 3102(b) and section 3402(d). This result is not inconsistent with our conclusion that the taxes in question constitute liabilities of the petitioners. Section 3102(b) and 3402(d) merely provide a secondary source of collection in the event that an employer fails to fulfill his duties *203 in collecting the tax from the employee. Finally, petitioners emphasize their contention that the taxes in question are not assessable against petitioners and are therefore not taxable to them when paid by petitioners' employers. However, an assessment is merely an administrative determination that an amount is currently due and owing as a tax. See ; . Even though withholding taxes and FICA contributions are assessed against the employer, the assessment is based on the employer's failure to collect the taxes as required. Petitioners remain liable for the taxes until they are discharged by petitioners' employers. The language in , upon which petitioners rely, does not preclude the inclusion of the taxes in question in petitioners' gross income. Where a tax is imposed on the employee and paid by the employer pursuant to an agreement, such payment constitutes income to the employee. . Based on the *204 foregoing, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩